On The Merits,
Plaintiffs sue for damages for injuries received as a result of a collision occurring at night at a crossing between a street car of defendant and an automobile wherein they were traveling.
At the outset it may be stated that the evidence establishes beyond question that after the .automobl-e had been brought to a full stop at a short though safe distance from the crossing, the operator- or chauffeur thereafter inadventently and negligently released the brakes and the automobile then proceeded or rolled towards or upon the track with the result that it was struck by the street ear as it passed. And thus confronted with a, circumstance imparting contributory negligence on their part, plaintiffs’ efforts have been centered upon overcoming its effect, by attempting to prove that -defendant could or should have avoided the accident notwithstanding the position of peril which their own negligence had placed them in.
The testimony of the motorneer is to the effect that he saw the automobile come to a full stop at a safe distance from the track for the apparent purpose of allowing the street car to pass; that he thereupon put on his power and proceeded ahead when the automobile suddenly moved upon the track when he was so near to it that his efforts *252 to stop the car in time to avert the collision proved futile. In this statement he is corroborated by at least one disinterested witness, whose credibility has not been successfully impugned.
Opinion and decree, February 28th, 1916.
On the other hand plaintiff’s claim that the car was more than a block away when the automobile reached the point of danger upon the track; that the motorneer was then looking backward or downward and not forward or upward and continued so to do until it was too late to avoid the accident and this notwithstanding that ineanwhile the loud-sounding horn of the automobile was being blown continuously and one of the plaintiffs was otherwise attempting to attract the motorneer’s attention by repeatedly calling loudly to him.
The testimony heard on plaintiffs’ behalf is variable and uncertain and the state of facts which they seek to establish seems improbable in the light of all the surrounding circumstances. Nor is the Court impressed by the character or the testimony of the single disinterested witness they produce. Plaintiffs carried the burden of proving that defendant should have averted the consequences of their own negligence, and we are in agreement with the trial Court in holding that they have not done so.
The judgment is affirmed.
Judgment affirmed.